UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                    :
SAMANTHA BROWN,                                     :
                                                    :          CASE NO. 4:08-CR-273
                 Petitioner,                        :
                                                    :
vs.                                                 :          OPINION & ORDER
                                                    :          [Resolving Doc. No. 75]
UNITED STATES OF AMERICA,                           :
                                                    :
                 Respondent.                        :
                                                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Defendant Samantha Brown moves *pro se* under 28 U.S.C. § 2255 to vacate her sentence,

claiming ineffective assistance of counsel during her proffer, guilty plea, and sentencing. [Doc. 75.]

In response, the government argues that Brown fails to show prejudice resulting from the alleged

ineffectiveness and that Brown entered her plea voluntarily and knowingly. [Doc. 80.] Brown replies

that but for her counsel's ineffectiveness she would not have proffered nor pled guilty.  [Doc. 81.]

Brown further requests an evidentiary hearing on these issues, which the government opposes. [Doc.

75.] For the following reasons, this Court **DENIES** the Petitioner's motion.

## I. Background

        On June 25, 2008, the Petitioner was indicted, along with two co-defendants. [Doc. 1.] In

June 2008, a Grand Jury charged the Petitioner with two counts: conspiracy to possess with

intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and distribution

Case No. 4:08-CR-0273
Gwin, J.

of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  On December 30, 2008, the

Petitioner, pursuant to a plea agreement, pled guilty to Count 1 of the indictment.    On February

20, 2009, the Court sentenced the Petitioner to 46 months imprisonment, a sentence below the

statutory mandatory minimum due to the applicability of the Safety Valve provision of 18 U.S.C.

§ 3553(f) and U.S.S.G. § 5C1.2(a).  As part of the plea agreement, the government moved to

dismiss Count 2.  [Doc. 51.] The Court dismissed this count at sentencing .

On February 23, 2010, the Petitioner filed the instant petition in this Court.. [Doc. 75.]

## II. Legal Standard

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the

proceedings which necessarily results in a complete miscarriage of justice or an egregious error

violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  Furthermore,

28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is

filed, and to "determine the issues and make findings of fact and conclusions of law with respect

thereto" unless "the motion and the files and the records of the case conclusively show that the

prisoner is entitled to no relief." *Green v. United States*, 445 F.2d 847, 848 (6th Cir. 1971);

*Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983).

## III. Analysis

The Petitioner raises ineffective assistance of trial counsel claims in each of her four

proposed grounds for relief. [Doc. 75.]  The Supreme Court, in *Strickland v. Washington*, 466

U.S. 668 (1984), devised a two-part inquiry for claims of ineffective assistance of counsel.

Under the *Strickland* test, the Petitioner must show (1) that counsel's representation fell below an

objective standard of reasonableness; and (2) that there is a reasonable probability that but for

Case No. 4:08-CR-0273
Gwin, J.

counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 688-94.  Thus, the Petitioner must demonstrate both deficient performance and prejudice in order to succeed on these claims.  *Id.* at 686.

As to the first prong of the *Strickland* analysis, a "defendant's attorney is presumed to follow the professional rules of conduct and is 'strongly presumed to have rendered adequate assistance' in carrying out the general duty 'to advocate the defendant's cause and the more particular duties to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution.'"  *United States v. Webber*, 208 F.3d 545, 550 (6th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688-90).

Regarding the prejudice requirement, the Supreme Court in *Hill v. Lockhart*, 474 U.S. 52 (1985), held that the *Strickland* analysis applies to guilty plea challenges based upon ineffective assistance of counsel.  To establish the prejudice required under *Strickland*, a "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 59.

### A. Ground One: Proffer

The Petitioner first alleges that her retained counsel was ineffective for failing to advise her of her rights at  a pre-indictment proffer meeting between the Petitioner and a Drug Enforcement Administration (DEA) agent in June 2008.  According to the Petitioner, her counsel attended the meeting , but did not meet with the Petitioner  beforehand and to never advised of her right against self-incrimination.  The Petitioner asserts that she was indicted based upon statements she made during the proffer, and that "[b]ut for counsel's below standard conduct, [she] would have remained silent and would not have been self-incriminating." [Doc. 75 at 4.]

-3-

Case No. 4:08-CR-0273
Gwin, J.

However, the Supreme Court in *Tollett v. Henderson*, 411 U.S. 258 (1973), held that a guilty plea generally prevents a federal habeas petitioner from raising constitutional deprivations that occurred prior to and independent of the plea.  The Court stated:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not [within the range of competence demanded of attorneys in criminal cases].

*Id.* at 266-67.

The Petitioner's claim of ineffective representation at the pre-indictment proffer meeting does not challenge the knowing and voluntary nature of her guilty plea.  Rather, she contends that counsel's alleged ineffectiveness led to her indictment.  Under *Tollett*, the Petitioner, having pled guilty, is precluded from raising such a claim on collateral review.

### B. *Ground Two: Advice of Counsel Regarding Guilty Plea*

The Petitioner next asserts that her counsel was ineffective for failing to properly advise her on entering a plea of guilty.  Specifically, the Petitioner states that she attempted to discuss her case with counsel, but that counsel failed to answer her questions and told her only that he was talking with the government and that she "would get home confinement or probation." [Doc. 75 at 5.] The Petitioner further alleges that counsel failed to properly explain the terms of the plea agreement, assured her that she was not giving up her appellate rights, and advised her that he would appeal her sentence after the plea hearing.  The Petitioner argues that she was prejudiced by counsel's actions, stating, "If not for [counsel's] false assurance that I was not

-4-

Case No. 4:08-CR-0273
Gwin, J.

waiving my appeal rights and he would appeal my sentence, I would not have signed the plea

agreement." [Doc. 75 at 6.]

"A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently, as

determined under the totality of the circumstances." *United States v. Smith*, 50 F. App'x 228,

229 (6th Cir. 2002) (citing *Brady v. United States*, 397 U.S. 742, 749 (1970)).  Accordingly, Rule

11 of the Federal Rules of Criminal Procedure requires that, prior to accepting a plea of guilty, a

court must inform the defendant of her trial rights, the nature of the charges and penalties, and

the consequences of entering a guilty plea, including the terms of any plea agreement by which

the defendant waives some or all of his appellate rights.  Fed. R. Crim. P. 11(b)(1).  A properly

conducted and recorded Rule 11 colloquy is a strong barrier against subsequent collateral attack

of a guilty plea.  *See McCarthy v. United States*, 394 U.S. 459, 465 (1969) (noting that "the more

meticulously [Rule 11] is adhered to, the more it tends to discourage, or at least to enable more

expeditious disposition of, the numerous and often frivolous post-conviction attacks on the

constitutional validity of guilty pleas.").

The record of the Petitioner's change of plea hearing renders her arguments unavailing.

At the hearing, the Petitioner clearly indicated that she understood the charges against her and the

consequences of pleading guilty, and that she was voluntarily entering such a plea.  Moreover,

the Petitioner stated that she had fully discussed with counsel the charges and any potential

defenses.  Indeed, the Petitioner engaged in the following exchange with the Court :

THE COURT: Miss Brown, have you received a copy of the indictment?

THE DEFENDANT: Yes.

THE COURT: And have you had ample opportunity to discuss both the charges

-5-

Case No. 4:08-CR-0273
Gwin, J.

against you with your counsel Mr. Zena?

THE DEFENDANT: Yes.

THE COURT: And have you told Mr. Zena everything you know about your

case?

THE DEFENDANT: Yes.

THE COURT: Has Mr. Zena fully informed you of all the facts and circumstances

that form the basis for these charges, and if any, any defenses that you might have

to the charges?

THE DEFENDANT: Oh, yes. I'm sorry.

THE COURT: Mr. Toepfer is representing Assistant U.S. Attorney Linda Barr,

who is actually in charge of this case for the government. And that leads to into

the question, did Mr. Zena tell you about the discussions he had with Miss Barr,

who represents the government?

THE DEFENDANT: Yes.

THE COURT: And is your willingness to plead guilty to Count 1 the result of

those discussions that Mr. Zena told you about that he had with Miss Barr?

THE DEFENDANT: Yes.

THE COURT: In a moment I'm going to go over the elements of the charge with

you.  Are you satisfied with the representation and advice given to you by your

counsel, Mr. Zena?

THE DEFENDANT: Yeah.

THE COURT: Did he explain to you the elements and nature of the charge of

-6-

Case No. 4:08-CR-0273
Gwin, J.

      conspiracy to traffic in cocaine?

      THE DEFENDANT: Yeah.

      THE COURT: Do you have any questions about the nature or the elements?

      THE DEFENDANT: No.

[Doc. 79; Plea Hrg. Tr. at 4-5.]

      Following this exchange, the Court instructed the Petitioner on each element of the conspiracy to possess with intent to distribute cocaine charge against her. [Doc. 79; Tr. at 5-6.] The Petitioner again stated that she had no questions regarding the nature or elements of the charge.  The Court then stated the potential penalties that the Petitioner  would face upon conviction , including that the charge carried a mandatory minimum sentence of five years imprisonment, and was not a probationable offense. [Doc. 79; Tr. at 7.]  The Petitioner again expressed her understanding of the penalties and stated that she had no questions.

      The Court then questioned the Petitioner about the plea agreement.  The Petitioner stated that she had read and discussed the agreement with her counsel prior to signing it. [Doc. 79; Tr. at 9.]  After counsel for the government explained the substance of the plea agreement, the following exchange occurred:

      THE COURT: Thank you.  Mr. Zena, has the substance of the plea agreement

      been correctly stated by Mr. Toepfer?

      MR. ZENA: It has, your Honor.

      THE COURT: Does this plea agreement represent in its entirety the understanding

      you have with the government?

      MR. ZENA: It does, your Honor.

Case No. 4:08-CR-0273
Gwin, J.

> THE COURT: Back to you, Miss Brown.  Is that also your understanding of the plea agreement?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Put another way.  Is there anything about the plea agreement that you don't understand?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anyone made any other or different promises or assurances to get you to plead guilty?
>
> THE DEFENDANT: No.

[Doc. 79; Tr. at 12-13.]

Next, the Petitioner confirmed that, under the plea agreement, she had agreed to recommend a sentence within the advisory guideline range.  She also stated that she understood her actual sentence would not be determined until sentencing and could be higher than the recommendation. [Doc. 79; Tr. at 13-15.]  The Petitioner further acknowledged that no one had predicted what her sentence would be. [Doc. 79; Tr. at 15.]  The Court continued:

> THE COURT: All right.
>
> And I wanted to point out that if the sentence is different from any estimate given to you by your counsel, you wouldn't have the right to withdraw your guilty plea, because of any differences Mr. – with respect to your discussions and what you anticipate that the likelihood hood of your sentence will be.
>
> All right?
>
> THE DEFENDANT: Yes.

Case No. 4:08-CR-0273
Gwin, J.

[Doc. 79; Tr. at 17.]

Finally, the Court addressed the waiver of trial and appellate rights that would result from Petitioner's decision to plead guilty according to the terms of the plea agreement. [Doc. 79; Tr. at 20-28.]  Specifically, on the waiver of appellate rights, the Court engaged in the following exchange :

> THE COURT: Finally, let's suppose you went to trial and you were convicted, you would have the right to appeal your conviction.  And that's an absolute right to our Sixth Circuit Court of Appeals.  And if you were indigent and couldn't afford your own counsel, counsel would be provided to you at no cost, because you have the right to counsel at all stages of your case.  If you couldn't afford to pay the cost of filing your notice of appeal, you would be granted 10 days leave within which to file your notice of appeal without having to pay the costs.  But you are waiving those appellate rights as well if I accept your guilty plea to Count 1.
>
> Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now, there is a waiver of appellate rights in your plea agreement which is different from the waiver of appellate rights I just went over with you, and I want to distinguish the two for you.
>
> Now as I mentioned, if you went trial and you were convicted, you would have the right to appeal the merits of your case.  You said you understood that, right?
>
> THE DEFENDANT: Yes.

-9-

Case No. 4:08-CR-0273
Gwin, J.

THE COURT: Ordinarily, you have the right to challenge your conviction by

filing an appeal or writ of habeas corpus, if you believed that this guilty plea you

are now proffering was somehow unlawful or involuntary.

    Did you know that?

THE DEFENDANT: Yes.

THE COURT: You also have a statutory right to appeal the court's sentence,

particularly if you believe my sentence is contrary to law.

    Did you know that?

THE DEFENDANT: Yes.

THE COURT: I have to inform you the government also has the right to appeal

the court's sentence if it believes my sentence is contrary to law. However, as part

of your plea agreement, you are giving up most of your rights to appeal or

collaterally attack your conviction and sentence.

    Do you realize that?

THE DEFENDANT: Yes.

THE COURT: Let's look at paragraph 15 under the heading of Waiver of Appeal

Defenses and Collateral Attack Rights.  Now, I'm not going to read it verbatim but

it says, in essence, that you've been advised by Mr. Zena, of your rights to appeal

and/or your right to challenge your conviction by habeas corpus through post

conviction relief.  Which is statutory 2255 motion.  But you are giving up all those

rights, except:

    Any punishment in excess of the statutory maximum.

-10-

Case No. 4:08-CR-0273
Gwin, J.

> Any punishment to the extent it represents a sentence higher than the advisory sentencing guideline range deemed most applicable by the court.
>
> And there are two grounds that can never be waived, and those are ineffective assistance of counsel and prosecutorial misconduct.
>
> And finally, if I were to fail to sentence you in accordance with the provisions of your plea agreement, you have reserved your right to appeal your sentence.
>
> THE DEFENDANT: Yes.
>
> THE COURT: Any questions?
>
> THE DEFENDANT: No.

[Doc. 79; Tr. at 26-28.]

The record shows that the Petitioner entered her guilty plea knowingly and voluntarily, and that counsel was not constitutionally deficient in advising the Petitioner with respect to that plea. The Petitioner clearly indicated that counsel had answered all of her questions and explained the charges and the plea agreement. Additionally, even if counsel incorrectly explained the waiver of appellate rights or predicted a minimal sentence, the Court's explanation of both issues on the record would have corrected any such error. Where the court conducts a thorough and proper Rule 11 colloquy, any prior misleading advice from counsel cannot constitute extraordinary circumstances warranting habeas relief. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999).

*C. Ground Three: Factual Basis for Guilty Plea*

-11-

Case No. 4:08-CR-0273
Gwin, J.

Third, the Petitioner asserts that counsel failed to correct errors in the plea agreement's factual basis, regarding the Petitioner's culpability and the quantity of drugs attributed to her. The Petitioner's assent to the factual basis for the plea during the plea colloquy belies this argument. Importantly, after counsel for the government stated the factual basis for the guilty plea in detail, the Court asked the following:

> THE COURT: Miss Brown, do you agree with this summary of what you did in connection with this conspiracy?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Put it another way, is there anything that Mr. Toepfer stated that was not correct?
>
> THE DEFENDANT: No.

[Doc. 79; Tr. at 20.] Thus, Petitioner was given an opportunity to note any disagreement with the factual basis as stated by counsel for the government. Instead, she agreed that counsel's recitation was correct. "[W]here the court has scrupulously followed the required [Rule 11] procedure, 'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690 (5th Cir.)).

Counsel cannot be deemed ineffective for failing to challenge the factual basis for a guilty plea where the Petitioner admitted in open court that the basis for the plea contained no factual errors.

### D. Ground Four: Capacity to Plead Guilty

Fourth, the Petitioner contends that counsel failed to question her capacity to plead guilty or to enter into the plea agreement due to an alleged history of post-partum depression. The

Case No. 4:08-CR-0273
Gwin, J.

Petitioner argues that counsel should have moved for a psychiatric evaluation to address this issue.  Yet the record does not indicate that the Petitioner expressed any concerns regarding her mental state or her ability to enter a knowing and voluntary plea.  The Court specifically addressed this issue:

> THE COURT: Have you ever been treated for any mental illness or addiction to
>
> narcotic drugs?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you presently taking any medications we should know about?
>
> THE DEFENDANT: No.
>
> THE COURT: Tom, is there any reason to doubt Miss Brown's competence to
>
> enter a plea at this time?
>
> MR. ZENA: No, your Honor.

[Doc. 79; Tr. at 4.]

As the Supreme Court has stated, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Having stated to the Court that she had never been treated for any mental illness, the Petitioner cannot now allege ineffective assistance for counsel's failure to challenge the Petitioner's capacity to enter a plea. The record does not indicate that the Petitioner's counsel knew of any basis for such a challenge; nor does the record show that, at plea, the Petitioner could not understand the charges against her or  appreciate the consequences of pleading guilty.

Finally, the Petitioner asserts that her plea was not knowing and voluntary because she was unable to hear and understand the Court's questions during the plea colloquy.  She asserts

-13-

Case No. 4:08-CR-0273
Gwin, J.

that counsel was aware of this difficulty but failed to intervene.  However, though the Petitioner

states that she "had to have [the Court] repeat his questions several times," the record does not

support this assertion.  The Court advised Petitioner at the outset of the hearing that she could

ask to have any question repeated or explained, and that she could consult with counsel at any

time. [Doc. 79; Tr. at 2-3.]  The record demonstrates, however, that the Petitioner never asked to

have a question repeated or for an explanation of any question.  Accordingly, the Petitioner has

failed to show that her counsel was deficient for failing to intervene.

### IV. Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to relief, and

**DENIES**, the Petitioner's motion to vacate.   The Court further finds that no hearing is necessary

in the instant matter, as the record of the case conclusively shows that Petitioner is entitled to no

relief.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from

this decision could not be taken in good faith, and that there is no basis upon which to issue a

certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.


Dated: November 30, 2010                           s/           *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE